IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ST. CLAIR, | ) |
| | ) 02:09-cv-02117-GEB-JFM |
| Plaintiff, | ) |
| | ) <u>ORDERS TO SHOW CAUSE</u> |
| v. | ) <u>AND CONTINUING STATUS</u> |
| | ) <u>(PRETRIAL SCHEDULING)</u> |
| ACS, INC., | ) <u>CONFERENCE</u> |
| | ) |
| Defendant. | ) |
| | ) |

A minute order issued October 21, 2009, and required the parties to file a joint status report no later than fourteen days prior to the status conference scheduled on March 1, 2010,. No status report was filed.

Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on March 8, 2010, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. A purpose of a status report is to assist a judge in his or her case management responsibilities.

Further, the docket for this case reveals that Plaintiff filed a Request for Entry of Default on November 16, 2009, and that

1

the Clerk of Court filed an Entry of Default on November 17, 2009. Since it is unclear whether Plaintiff is prosecuting this case, Plaintiff shall explain in a writing to be filed no later than 4:00 p.m. on March 8, 2010, why this case should not be dismissed for failure of prosecution, and whether a hearing is requested on this OSC.[1] If a hearing is requested, it will be held on March 29, 2010, at 9:00 a.m. Lastly, a status conference is scheduled on June 28, 2010, at 9:00 a.m. A Status Report shall be filed fourteen (14) days prior to the status conference in which Plaintiff is only required to explain the status of the default judgment.

        IT IS SO ORDERED.

Dated: February 24, 2010

                              GARLAND E. BURRELL, JR.
                              United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).